SEABOARD AIR LINE RAILWAY COMPANY, a Railroad Corporation, and STATE LIVE STOCK SANITARY BOARD, a Corporation, *Plaintiffs in Error*, v. STATE OF FLORIDA, ex rel. ASA E. MAIGE, *Defendant in Error*.

Opinion filed October 17, 1928.

*Philip Burwell Goode,* for Plaintiff in Error;

*Orion C. Parker, Jr.,* and *C. L. Waller,* for Defendant in error.

KOONCE, Circuit Judge:

An order for peremptory writ of mandamus was issued to require the respondent, State Live Stock Sanitary Board, at the expense of the relator, to charge a dipping vat near the railroad sidetrack with proper dipping solution and permit the relator to dip certain cattle and have the same inspected by the respondent agent, and when found to be "tick-free" to issue the proper permit for shipment; and to require the respondent railway company to furnish cars and transport said cattle when such permit was issued by the Live Stock Sanitary Board.

It was among other things alleged in the relator's petition that the cattle desired to be transported from Leon county, an admitted tick-infested area, to Hillsborough county, also a tick-infested area, had been dipped in a vat charged by the respondent Live Stock Sanitary Board with dipping solution, and that his said cattle were then "wholly free from cattle tick"; that in transporting such cattle they would have to pass through the counties of Jefferson and Madison, where "tick-eradication" was then in progress, all other areas through which the cattle might pass being admitted to be tick-infested.

A careful perusal of the entire record and the facts alleged in the relator's petition and the answers of the respondents shows that the circuit judge was fully justified in finding the regulations of the Live Stock Sanitary Board as applied to the particular case, to be unreasonable and prohibitive. The order for peremptory writ of mandamus was in entire accord with the holdings of this Court in State, ex rel. Myers v. Seaboard Air Line Railway Company, case of original jurisdiction, 108 So. R. 888.

Where the entire record before the Court shows a regulation of a State board to be unreasonable and prohibitive the circuit court has authority to order peremptory writ of

mandamus to protect in proper manner the rights of the relator.

The final order of the circuit court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion, prepared under Chap. 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the final order of the court below should be, and the same is hereby, affirmed.

WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.

BUFORD, J., disqualified.